UNITED STATES DISTRICT COURT
FOR COLUMBIA DISTRICT

→ Mihretu Bulto DASISA
1355 NEW YORK AVE-NE      * CASE NO: 06-2190
WASHINGTON D.C. 20002     * Honorable (C.K.K.)
202-832-2359
                    Plaintiff
Board of Education (Trustee)
OF UDC - 4200 Connecticut Ave. NW
Washington D.C. 20008: (Defendent)

* → MOTION FOR RELIEF FROM JUDGEMENT AND ORDER entred on DEC-19, 2006, Received on Dec-27, 2006. persuant to Fed. R. 60, (sect- a, b, 1, 2, 3, 6, etc ~) Respectivelly.

→ NOTHING IS IMPORTANT THAN TELLING TRUTH TO COURTS.

1- Plaintiff Filed NEW COMPLAINT on Decemb 6, 2006 Correcting July 13, 2005 Complaint Filed DATED on 07/13/2005 - (sees- 1:05CV01397) (CKK) Edu.Title IX.

2- on page 2 of Complaint Filed on July 13, 2005 plaintiff deleberatly cited Title VII while educational degree programm was cause of Action in factual ground of the issue this court knows (I-98CV-02945)

3- plaintiff and Defendent UDC-moved this court based on education degree programm - Title IX Civil-Right of 1964 As Amended on 1972 Contract breached.

4- At its final due date - DISTRICT MEMORANDUM OPINION And ORDER entred on 12, 2006 Dismissed plaintiff's Citation ERROR Title VII Claim, this court found.

5-    see:- No: 05-1397 (CKK) correct and concented to courts judgment on NEW COMPLAINT.
            NOTE:- (Err- Title VII UNCLAIMED)

NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT
RECEIVED
JAN - 3 2007

→ NOTE:- April 12, 2006 MEMO- proved- edu-Title IX, NOT ERRED pro-se-pleadings- correctly-

6 Plaintiff filed July 13, 2005 Complaint was the Continuation of 1-98-cv-02945, Title IX educational Amendment of 1964 civil Right Act as Amended on 1972 this Court tried until today claimed.

7- July 13, 2005 Complaint Filed page 2 and 3 stated- "educational CONTRACT Breached-Title IX as 1964 civil Right Act Amended on 1972 pleading FACTUAL-Ground (subject matter) on Title IX-edu" see:- July 13, 2005 (1:05 cv-01397 CKK) Complaint Filed page 2, 3, fairly for the truth of this claim.

8- The Federal Rules, Appeals, and this court local Rules allow pro-se-litigants Complaint Flexable in Techinical pleading ERRORS admissability, practice.

9 Based on Federal Rules of flexable pro-se Complaint admissability who is NOT ATTORNEY— plaintiff— tried to correct excussable ERROR of pleading— that is NOT subject matter in Appeals Court— TRIAL-proceedings-persuant to Fed.R.61.

10 On Oct-3, 2006 United States Court of Appeals Affirmed April 12, 2006 MEMOs And ORDER (NO:05-1397 CKK) proving Title VII plaintiff never claimed in July 13, 2005 Complaint Filed in District Court genuinely. See:- (Oct-3, 2006- ORDER NO: 06-7106 Attached.)

(1) Proof:- see:- EVIDENCE OF Title IX educational Amendment of 1964 civil-Right Act- As Amended 1972 ~ Defendent's Affidavit written to Counsel UDC- Board of Trustee Counsel DATE Sep.1, 2005 Attached 1 page Based on Edu-Title IX statute to

-3-

(7) proof NO: 2· Admissable Affidavit (evidence)
→ see: - Evidence of Educational Title IX as of 1964 Civil Right Act -- Amended on 1972 -- Defendent Received student Application for Admission 2 pages Attached on -- Dec-6, 2006 New Complaint Filed in this Honrable Court for fair, equitable justice this court stands for -- plaintiff is entitled to claim Title IX Educational Amendment of 1964 Civil-Rt-Act As of 1972 Amendment.

11- Plaintiff Above DID NOT Litigated Title VII Claim - Rather Requested this Court for Admissable excussable ERROR OF pro-se pleading correction denied entred Title VII Erroniously found in July 13, 2005 -- Dismissing Educational Title IX Claimed NOT

13 Plaintiff's Dec-6, 2006 Complaint filed is based on 1998 Denial of Access in D·C·Superiour Court and -- Removed to this Court on Motion since then - see: - Dec-6, 2006 Complaint Filed Exhibit 3 Attached 1 page for fair, equitable Justice I'm Requesting, Respectfully.

14 - Plaintiff's Dec-6, 2006 New Complaint is based on - Educational Title IX of Civil-Rt-Act-As Amended, 1972 - this Court or Appeal Court DID NOT Dismissed Title IX Educational Claim plaintiff based it's Federal Rights.

15 - Plaintiff pray this Honarable Court Relief From the ORDER And MEMORANDUM OF Dec-19, 2006 Persuant to Fed-R-60- Sect- a, b, 1, 2, 3 Respectfully.

16 Plaintiff Request this Honorable Court Delasatory Judgments for Trial on Educational Title IX, Civil-Right of 1964 As Amended on 1972 was Exhusted before the entry of MEMORANDUM And ORDER of April 12, 2006 both parties acted on.

* see:- CASE NO: 1:05-CV-01397-CKK-(ERRORED one)
* proof:- DOCKET TEXT DATE Filed FROM 07/13/2005 through 04/12/2006 Based on Educational Title IX, As Amended on 1972 Genuine

The Above Statements, Facts are true to the best of my knowledge - signed this day Dec. 30, 2006 under penality of prejury. — 30 Dec-2006

Respectfully submitted.

Mihretu Bulto Dasosa
1355 NEW YORK AVE-NE
Washington D.C. 20002

Copy:
TO DEP· OF JUSTICE
CIVIL-Rt-DIVISION
950 Pennsyvenia Ave·
Wash-D.C-

NOTES:-ALL-TRIAL PROCEEDINGS IN DISTRICT WERE HELD ON Edu-Title IX Claimed-Timely.

- April 12, 2006 MEMO- was UNCLAIMED ERROR OF Pro-se-pleading-Excusable by Fed-R. 60.(a,b),1,2,3,6 Now Litisgated- on Title VII then opposed it.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-7106**                                      **September Term, 2006**

05cv01397

**Filed On:**

Mihretu Bulti Dasisa,
     Appellant

v.

University of the District of Columbia,
     Appellee

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

FILED OCT 3 2006

CLERK

**BEFORE:**     Ginsburg, Chief Judge, and Griffith and Kavanaugh, Circuit Judges

### ORDER

Upon consideration of the motion for summary reversal (styled as a motion for declaratory judgment) and the opposition thereto; the notice filed August 16, 2006; and the motion for summary affirmance, the opposition thereto, the reply, and the surreply, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See <u>Taxpayers Watchdog, Inc. v. Stanley</u>, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court correctly held that appellant's claims, arising from events that took place in 1998, were barred by the applicable statutes of limitations. See <u>Jones v. R.R. Donnelley & Sons Co.</u>, 541 U.S. 369 (2004) (limitations period for claims under 42 U.S.C. § 1981 is either the four-year federal period or the forum state's period for personal injury claims); <u>Carney v. American University</u>, 151 F.3d 1090, 1096 (D.C. Cir. 1998) (three-year residual statute of limitations in D.C. Code § 12-301(8) applies to personal injury claims and claims under 42 U.S.C. §1983); D.C. Code § 12-301(7) (statute of limitations for "simple contract" claims is three years); <u>Stanley v. Trustees of California State University</u>, 433 F.3d 1129, 1134 (9th Cir. 2006) (citations omitted) (Title IX statute of limitations is the state statute for personal injury claims). On appeal, appellant has offered no basis for concluding that the suit is timely or the limitations period should be tolled.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

*[Handwritten annotations:]*
*NOTE: -petitioners Rejecting Title II was Affirmed - prooff - none to do with Dec-6, 2005 complaint Foled -*

*\*NOTE: For Justice, fairness Dec-6, 2006 complaint is NEW - under equr. Title IX - Tried years long*